UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60994-CV-ALTMAN
MAGISTRATE JUDGE REID

GLENN BLAKELY,

    Plaintiff,

v.

STATE OF FLORIDA,

    Defendant.
_____/

### REPORT OF MAGISTRATE JUDGE
### RE CIVIL RIGHTS COMPLAINT - 42 U.S.C. § 1983
[ECF No. 1]

## I. Introduction

Plaintiff, **Glenn Blakely,** a convicted felon, currently confined at the Martin Correctional Institution, has filed a letter/complaint, opened by the Clerk as a *pro se* civil rights complaint, pursuant to 42 U.S.C. § 1983, identifying the "State of Florida," as the named Defendant. [ECF No. 1]. For the reasons discussed below, this filing should be DISMISSED for failure to state a claim upon which relief can be granted and as frivolous.

This handwritten filing fails to identify a defendant and a cause of action. [ECF No. 1 at 1-9]. It is well established that federal courts have an obligation to

look behind the label of pleadings filed by *pro se* prisoners to determine whether the motions are, in legal effect, cognizable under a different remedial statutory framework. *United States v. Jordan,* 915 F.2d 622, 624-25 (11th Cir. 1990)(citing *Andrews v. United States,* 373 U.S. 334 (1963)).

Construed most liberally, as afforded *pro se* litigants pursuant to *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972)(per curiam), as can best be discerned, Plaintiff appears to be requesting an Order from this court requiring that all of the filings in Broward County Circuit Court, Case No. 98-10688-CF10B, as identified on page one, be sealed or redacted to remove all personal and confidential information, including his date of birth, social security number, address, race, gender, bank and credit card account information, real property ownership, etc. [*Id.* at 2-3]. It also appears Plaintiff may be seeking an Order requiring that the records of "all" his prior "actions" be "closed" and kept "confidential" and "sealed." [*Id.* at 3-4].

This case has been referred to the undersigned for issuance of all preliminary orders and recommendations to the district court regarding dispositive motions. *See* 28 U.S.C. § 636(b)(1)(B), (C), and S.D. Fla. Admin. Order 2019-02.

Plaintiff has previously been granted permission to proceed *in forma pauperis* ("IFP") and is therefore subject to the screening provisions of 28 U.S.C. § 1915(e)(2). *See Farese v. Scherer,* 342 F.3d 1223, 1228 (11th Cir. 2003)

("Logically, § 1915(e) only applies to cases in which the plaintiff is proceeding IFP").

## II. Standard of Review- 28 U.S.C. §1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), where a plaintiff is proceeding IFP, the complaint must be dismissed if the court determines that the complaint fails to state a claim on which relief may be granted. *Wright v. Miranda,* 740 F. App'x 692, 694 (11th Cir. 2018).

In reviewing the complaint under § 1915(e), the court takes the allegations as true and construes them in the light most favorable to Plaintiff. *Hughes v. Lott,* 350 F.3d 1157, 1159-60 (11th Cir. 2003); *Maps v. Miami Dade State Att'y*, 693 F. App'x 784, 785 (11th Cir. 2017)(per curiam)(citing *Chaparro v. Carnival Corp.,* 693 F.3d 1333, 1335 (11th Cir. 2012)(per curiam)).

In order "to avoid dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Wright,* 740 F. App'x at 694 (citing *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (*per curiam*)). Although a *pro se* pleading is liberally construed, it must still "suggest that there is some factual support for a claim." *Id.*

Under § 1915(e)(2)(B)(i), courts may dismiss as frivolous claims that are "based on an indisputably meritless legal theory" or "whose factual contentions are

clearly baseless" *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). Thus, under 28 U.S.C. § 1915(e)(2)(B)(ii), the court may dismiss a complaint that fails "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The court may not, however, construct a litigant's legal arguments for him. *See Fils v. City of Aventura,* 647 F.3d 1272, 1285 (11th Cir. 2011)(finding a court "may look at all the evidence in the record," but it may not "act as plaintiff's lawyer and construct the party's theory of liability from facts never alleged, alluded to, or mentioned during the litigation.").

### III. Discussion

#### A. Dismissal as Incomprehensible

This proceeding is subject to summary dismissal as Plaintiff has not demonstrated a legal cause of action under federal law. *See United States v. True,* 2003 WL 21254889, *1 (M.D. Fla. 2003)(affirming summary denial of defendant's motion to dismiss because it was incomprehensible gibberish)(citing *Cain v. C.I.R.,* 737 F.2d 1417, 1418 (5th Cir. 1984)(affirming dismissal of tax court petition on

basis that petition was a "hodgepodge of unsupported assertions, irrelevant platitudes, and legalistic gibberish," and stating that the court should not have been put through the trouble of adjudicating the meritless appeal)).

### B. Dismissal as Shotgun Pleading

Further, the leniency afforded to *pro se* litigants does not permit them to file, as here, an impermissible narrative, "shotgun" pleading. *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015)(citations omitted). the letter/complaint does identify a named defendant, and is replete with "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *See Weiland,* 792 F.3d at 1321-23. Most significantly, Plaintiff fails to assign any particular federal constitutional act or omission. Because the filing is fraught with incomprehensible facts that do not identify any federal legal cause of action, this filing should be dismissed for failure to state a claim upon which relief can be granted. *See e.g., Jackson v. Bank of America,* 898 F.3d 1348, 1356 (11th Cir. 2018)(finding shotgun pleading obstructed the administration of justice).

### C. Improperly Construed as a § 1983 Filing

Plaintiff's filing does not properly allege a civil rights violation. To state a claim for relief under § 1983, "a plaintiff must show that he was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001)(citing *Almand v. DeKalb County, GA,* 103 F.3d

1510, 1513 (11th Cir. 1997)). No such allegation has been made here. Thus, when construed as a civil rights action under 42 U.S.C. § 1983, this case should be dismissed for failure to state a claim upon which relief can be granted.

### D. Abstention

To the extent Plaintiff requests an Order from this court requiring the state criminal court to redact or otherwise seal records in his Broward County Criminal Case, No. 98-10688-CF10B, this court should abstain from interfering in ongoing state criminal proceedings.

The *Younger* abstention doctrine requires this court to abstain from interfering with ongoing state court proceedings. *See Younger v. Harris*, 401 U.S. 37, 41 (1971). "In *Younger v Harris*, the United States Supreme Court held that federal courts should not stay or enjoin pending state court proceedings except under special circumstances." *See Turner v. Broward Sheriff's Office*, 542 F. App'x 764, 766 (11th Cir. 2013) (discussing *Younger*, 401 U.S. at 41). This abstention doctrine applies when (1) the challenged proceedings are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity in the state proceedings to raise those constitutional concerns. *Adams v. State of Fla.*, 185 F. App'x 816, 816-17 (11th Cir. 2006) (quoting *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003)).

"The importance of the state interest may be demonstrated by the fact that the noncriminal proceedings bear a close relationship to proceedings [that are] criminal in nature[.]" *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) (citing *Moore v. Sims,* 442 U.S. 415, 423 (1979) and *Huffman v. Pursue*, Ltd., 420 U.S. 592, 604-05 (1975)). "[U]nless state law clearly bars the interposition of the specific constitutional claims[,]" federal courts should abstain whenever "vital state interests are involved[.]" *Middlesex Cty. Ethics-Comm. v. Garden State Bar-Ass'n*, 457 U.S. at 432 (quoting *Moore v. Sims*, 442 U.S. at 426). *See also Hawaii Hous. Auth. v. Midkiff*, 463 U.S. 1323, 1325 (1983) (stating the same principle and adding that an extraordinary circumstance may also qualify as a basis not to apply *Younger*'s abstention doctrine). These rules are consistent with the "recognition that national government functions best if state institutions are unfettered in performing their separate functions in their separate ways." *Hawaii Hous. Auth. v. Midkiff*, 463 U.S. at 1325 (relying upon *Younger*, 401 U.S. at 44).

This Court has taken judicial notice of criminal proceedings currently pending in Broward County Circuit Court, Case No. 98-10688-CF10A, arising from Plaintiff's conviction and sentence for robbery with a weapon. Plaintiff has filed a similar letter requesting reconsideration of his conviction based on his race, etc. That filing is also far from a model of clarity. However, it is evident that this filing implicated *Younger*. *See Younger*, 401 U.S. at 47-48 (showing the abstention

doctrine was established in the context of a challenge presented during pending criminal proceedings).

Accordingly, because state criminal proceedings involve important state interests, and Plaintiff has an adequate opportunity to any issues regarding the redaction of his state court records with the state trial court, *Younger*-abstention is appropriate. *See Turner*, 542 F. App'x at 767 (relying upon *Middlesex*, 457 U.S. at 432). Finally, there is nothing "extraordinary" about the circumstances of this case that would warrant federal action in the pending state court proceeding. *See Hawaii Hous. Auth.*, 463 U.S. at 1325.

### E. No Mandamus Relief

To the extent Plaintiff's filing is viewed as a petition seeking mandamus relief, directing the state trial courts to redact and/or otherwise seal any and all of Plaintiff's prior criminal cases containing and personal data, Plaintiff is not entitled to the relief requested.

"Federal courts do not have the jurisdiction to issue writs of mandamus directing state officials in the performance of their duties." *See Lawrence v. Miami-Dade Cty. State Att'y Office*, 272 F. App'x 781, *1 (11th Cir. 2008)(per curiam) ("Because the only relief Lawrence sought was a writ of mandamus compelling action from state officials, not federal officials, the district court lacked jurisdiction to grant relief and did not err in dismissing the petition.")(citing " *Lamar v. 118th*

*Judicial Dist. Ct. of Tex.,* 440 F.2d 383, 384 (5th Cir.1971));[1] *Moye v. Clerk, DeKalb Cty. Super. Ct.,* 474 F.2d 1275, 1276 (5th Cir. 1973); *Church of Scientology of Ga., Inc. v. City of Sandy Springs,* 843 F. Supp. 2d 1328, 1380 (N.D. Ga. 2012) ("Federal district courts do not have the authority to issue writs of mandamus to direct state officials in the performance of their duties."). Thus, when construed as a mandamus petition, this filing should be dismissed for failure to state a claim upon which relief can be granted.

## IV. Conclusion

Plaintiff's letter/complaint fails to state a viable federal cause of action against any party, warranting dismissal of this filing. Although district courts must liberally construe *pro se* pleadings, as indicated above, the courts are not required to rewrite complaints to state a viable cause of action where one does not otherwise exist. *GJR Invs. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)("[I]n the case of *pro se* litigants [the] leniency [afforded] does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action[.]"). Because it is apparent that any further amendment would be futile in that any amendments on the basis of the allegations now presented would still be properly dismissed, this court should dismiss this action without leave to amend. *See*

---

[1] In *Bonner v. Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions from the former Fifth Circuit handed down prior to close of business on September 30, 1981.

*Spaulding v. Poitier*, 548 F. App'x 587, 594 (11th Cir. 2013)(holding that magistrate judge did not abuse his discretion in denying Plaintiff leave to amend his complaint because such an amendment would have been futile)(citing *Cockrell v. Sparks,* 510 F.3d 1307, 1310 (11th Cir. 2007)).

## V. Recommendations

Based upon the foregoing, it is recommended that:

1. this complaint be DISMISSED for failure to state a claim upon which relief can be granted under § 1915(e) and as frivolous, *Carroll v. Gross, et al.,* 984 F.2d 392, 393 (11th Cir. 1993); and,

2. the case CLOSED.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the District Judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. §636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

SIGNED this 24th day of August, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

- 11 -

cc: Glenn Blakely, *Pro Se*
    DC#643376
    Martin Correctional Institution
    Inmate Mail/Parcels
    1150 S.W. Allapattah Road
    Indiantown, FL  34956