UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60994-CIV-ALTMAN/Reid

**GLENN BLAKELY**,

    *Plaintiff*,

vs.

**STATE OF FLORIDA**,

    *Defendant*.

_____/

**ORDER**

**THIS MATTER** comes before the Court on the Plaintiff's Complaint (the "Complaint") [ECF No. 1]. On August 24, 2020, United States Magistrate Judge Lisette M. Reid entered a Report and Recommendation ("Report") [ECF No. 8], in which she recommended that this Court dismiss the Complaint for failure to state a claim. *See* Report at 10. In that Report, Magistrate Judge Reid warned the Plaintiff:

> Objections to this report may be filed with the District Judge within fourteen (14) days of receipt of a copy of the Report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the District Judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Court Judge, except upon grounds of plain error or manifest injustice.

*Id.* The Plaintiff has filed no objections, and the time for doing so has passed.

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress' intent was to require *de novo* review only where objections have

been properly filed—and not, as here, when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

The Court has reviewed the Report, the Complaint, the record, and the applicable law and can find no clear error in the Report. Accordingly, the Court hereby

**ORDERS AND ADJUDGES** that the Report and Recommendation **[ECF No. 8]** is **ACCEPTED and ADOPTED** as follows:

1. The Complaint **[ECF No. 1]** is **DENIED**.

2. The Clerk of Court is directed to **CLOSE** this case, all pending hearings and deadlines are **TERMINATED**, and any pending motions are **DENIED as moot.**

**DONE AND ORDERED** in Fort Lauderdale, Florida this 17th day of September 2020.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record
    Anthony McIntyre, *pro se*